# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS EDUARDO ALVARADO** | § | |
| **JUAREZ AND IRMA E. JUAREZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 5:16-cv-117** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND ELWYN CULVER,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

---

**INDEX OF STATE COURT PAPERS**
**IN CAUSE NO.  2016CVF000997D1**

---

1.  Cover Docket Sheet for the District Court, 49th Judicial District, Webb County, Texas

2.  Citation for Elwyn Culver

3.  Affidavit of Service – Elwyn Culver

4.  Citation for State Farm Lloyds

5.  Affidavit of Service – State Farm Lloyds

6.  Plaintiffs' Original Petition

7.  Civil Cover Sheet – District Court

8.  Plaintiffs' First Amended Petition

9.  Notice of Calendar Call

10.  Original Answer and Request for Jury Trial by State Farm Lloyds

11.  Defendant Elwyn Culver's Original Answer

5/20/2016   2016CVF000997 - Luis Eduardo Alvarado Juarez, Irma E Juarez vs. State Farm Lloyds, Elwyn Culver - Webb County Judicial Information System

Case 5:16-cv-00117 Document 1-3 Filed in TXSD on 05/20/16 Page 3 of 94

  

# JUDICIAL CALENDAR

As of 5/20/2016 12:09:13 PM

## Case # 2016CVF000997 D1

**Luis Eduardo Alvarado Juarez, Irma E Juarez vs. State Farm Lloyds, Elwyn Culver**

| | |
|---|---|
| **Type:** | Contract |
| **Date Filed:** | 4/19/2016 12:00:00 AM |
| **Court:** | 49th District Court |
| **Complaint:** | Contract |

### Party Information

| Name | Affiliation |
|---|---|
| State Farm Lloyds | Defendant |
| Luis Eduardo Alvarado Juarez | Plaintiff |
| Irma E Juarez | Plaintiff |
| Elwyn Culver | Defendant |

### Attorney Information

| Name | Affiliation |
|---|---|
| Rene M Sigman | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
|---|---|---|
| 7/5/2016 1:30:00 PM | Calendar Call | Open |

### Activity

| Date | Type | Description |
|---|---|---|
| 5/19/2016 9:22:00 AM | Filing Papers | *IMG* LETTER FROM JONES, ANDREWS & ORTIZ DATED 5/18/16 IN RE: COPIES <CMG> SENT BACK TO ATTORNEY IN THEIR LONE STAR OVERNIGHT ENVELOPE ON 5/19/16 <CMG> |
| 5/18/2016 2:41:44 PM | Returns | *IMG* CITATION RETURNED EXECUTED AS TO STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE- CORPORATION SERVICE COMPANY DOS 5/2/16 <CMG> |
| 5/13/2016 4:48:50 PM | Returns | *IMG* CITATION RETURN SHOWING SERVICE AS TO ELWYN CULVER. DOS 5/6/16. MG |

| | Filing Papers | *IMG* LETTER DATED APRIL 25, 2016 IN RE TO CITATIONS. MG |
| 9:37:18 AM | | |

| 4/21/2016 2:10:42 PM | Issuance | *IMG* (4) CITATIONS ISSUED AS TO STATE FARM LLOYDS AND ELWYN CULVER. PENDING COPY OF PETITION. MG CITATIONS RELEASED IN FEDERAL EXPRESS ENVELOPE ON 4/26/16. MG |
| 4/21/2016 11:28:25 AM | Filing Papers | *IMG* PLAINTIFFS' FIRST AMENDED PETITION. MG |
| 4/21/2016 10:38:38 AM | Notes | AMENDED PETITION WILL BE E-FILED BY VANTRESE FROM ATTORNEY'S OFFICE. ISSUANCE OF $16.00 HAVE BEEN PAID BY ATTORNEY, AMENEDED PETITION WILL BE MAILED TO ATTACH TO CITATIONS. (LT) |
| 4/21/2016 10:27:01 AM | Notes | *IMG*CALENDAR CALL FAXED TO ATTORNEY RENE SIGMAN AND ATTACHED COPY TO CITATIONS. (LT) |
| 4/21/2016 10:26:57 AM | Court Case Assignment | Court date/time: 7/05/2016 13:30 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 4/19/2016 9:40:34 AM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For STATE FARM LLOYDS |
| 4/19/2016 9:40:34 AM | Complaint | *IMG*CONTRACT |
| 4/19/2016 9:30:03 AM | Jury Fee | JURY DEMAND PAID BY ATTORNEY RENE SIGMAN. (LT) |



04.140259

Filed
5/13/2016 4:48:12 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza

RETURN

2016CVF000997 D1          2016CVF000997D1

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

**ORIGINAL**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  ELWYN CULVER
     263 WESTIN HILLS
     NEW BRAUNFELS, TEXAS 78132

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's First Amended Petition at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000997 D1 , styled:
     **LUIS EDUARDO ALVARADO JUAREZ AND IRMA E. JUAREZ, PLAINTIFF(S)**
     **VS.**
     **STATE FARM LLOYDS AND ELWYN CULVER, DEFENDANT(S)**
Said Plaintiff's First Amended was filed on 04/21/2016 in said court by:
     **RENE M SIGMAN, ATTORNEY FOR PLAINTIFF**
     **3810 W ALABAMA STREET**
     **HOUSTON,   TX 77027**

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 22 day of April, 2016.

      C L E R K   O F   C O U R T

                    ESTHER DEGOLLADO
                    WEBB COUNTY DISTRICT CLERK
                    P.O. BOX 667
                    LAREDO, TX 78042

BY: _Maryel garza_____ DEPUTY
         Maryel Garza

2016CVF000997 D1

# OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the
within named **ELWYN CULVER**, each, in person, a true copy of this
citation together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of citation
and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                    NOTARY PUBLIC
MY COMMISSION EXPIRES _____

# CAUSE NO. 2016CVF000997D1

LUIS EDUARDO ALVARADO, ET
AL.

VS.                          IN THE 49TH JUDICIAL DISTRICT COURT OF WEBB COUNTY,
                                 TEXAS

STATE FARM LLOYDS AND
ELWYN CULVER

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Steven Wigington_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Steven Wigington_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _140 S. Walnut Ave., New Braunfels, TX 78130_
(SERVER'S ADDRESS)

2. ON _4 / 29 / 2016_ (DATE) AT _1_ : _49_ ( _P_ ) M (TIME) CITATION, PLAINTIFF'S FIRST AMENDED PETITION EXHIBIT A, EXHIBIT A-1 came to hand for delivery to ELWYN CULVER.

3. ON _5/6/2016_ (DATE) AT _2_ : _00_ ( _P_ ) M (TIME) - The above named documents were delivered to: ELWYN CULVER at:
_263 Weston Hills, New Braunfels, TX 78132_
(ADDRESS), by PERSONAL Service

Steven Wigington SCH6641 Exp. 3/31/2019
State of Texas Judicial Branch

SWORN TO AND SUBSCRIBED before me by _Steven Wigington_ appeared on this _6th_ day of _May_ 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2016.04.140259



JOHN AUSTIN GARCIA
NOTARY PUBLIC
STATE OF TEXAS
Expires 02-03-2019
ID #130100497

O4.140262

Filed
5/18/2016 2:41:44 PM
Esther Degollado
District Clerk
Webb District
Michelle Garza

**RETURN**
2016CVF000997 D1 16CVF000997D1

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

# ORIGINAL

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  **STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE,**
     **CORPORATION SERVICE COMPANY**
     **211 EAST 7TH STREET SUITE 620**
     **AUSTIN,   TX 78701**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's First Amended Petition at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000997 D1 , styled:
     **LUIS EDUARDO ALVARADO JUAREZ AND IRMA E. JUAREZ, PLAINTIFF(S)**
     **VS.**
     **STATE FARM LLOYDS AND ELWYN CULVER, DEFENDANT(S)**
Said Plaintiff's First Amended was filed on 04/21/2016 in said court by:
     **RENE M SIGMAN, ATTORNEY FOR PLAINTIFF**
     **3810 W ALABAMA STREET**
     **HOUSTON,   TX 77027**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 22 day of April, 2016.

## C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Maryel Garza_ _____ DEPUTY
        Maryel Garza

2016CVF000997 D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the
within named **STATE FARM LLOYDS**, each, in person, a true copy of this
citation together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of citation
and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

## CAUSE NO. 2016CVF000997D1

LUIS EDUARDO ALVARADO, ET
AL.
VS.

IN THE 49TH JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

STATE FARM LLOYDS AND
ELWYN CULVER

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Harrison Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Harrison Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_

(SERVER'S ADDRESS)

2. ON _05/02/16_ (DATE) AT _09_ : _42_ ( _A_ ) M (TIME) CITATION, PLAINTIFF'S FIRST AMENDED PETITION EXHIBIT A, EXHIBIT A-1 came to hand for delivery to STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY.

3. ON _05/02/16_ (DATE) AT _11_ : _34_ ( _A_ ) M (TIME) - The above named documents were delivered to: STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY by delivering to

_Sue Vertrees - designated Agent_

(NAME AND TITLE), authorized agent for service @

_211 E. 7th St., suite 620, Austin TX 78701_

(ADDRESS), by CORPORATE Service

**SIGNATURE**
SCH# _11505_ EXPIRATION: _5/31/18_

_Harrison Stinnett_

**AFFIANT PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _Harrison Stinnett_ appeared on this _02_ day of _May_, 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**

BARBARA C STINNETT 2016.04.140262
MY COMMISSION EXPIRES
May 29, 2019

Filed
4/19/2016 9:30:58 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVF000997D1

CAUSE NO. 2016CVF000997D1

| | | |
|---|---|---|
| **LUIS EDWARDO ALVARADO** | § | **IN THE DISTRICT COURT OF** |
| **JUAREZ AND IRMA E. JUAREZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| *Defendants.* | § | **JUDICIAL DISTRICT** |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Luis Eduardo Alavarado Juarez and Irma E. Juarez ("Plaintiffs"), and file this *Plaintiffs' Original Petition,* complaining of State Farm Lloyds ("State Farm") and Elwyn Culver ("Culver") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiffs Luis Eduardo Alavarado Juarez and Irma E. Juarez are individuals residing in Webb County, Texas.

3.      Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Elwyn Culver is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 263 Westin Hills, New Braunfels, Texas 78132.

### JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of

Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.   The Court has jurisdiction over Defendant Culver because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.   Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.  Plaintiffs own the insured property, which is specifically located at 6002 Catedral Loop, Laredo, Texas 78043, in Webb County (hereinafter referred to as "the Property").

11.  State Farm sold the Policy insuring the Property to Plaintiffs.

12.  On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. After the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

13.     Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.     Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15.     Defendant State Farm assigned Defendant Culver as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  On or about April 7, 2015, Culver conducted a substandard inspection of Plaintiffs' property.  For example, Culver spent a mere thirty (30) minutes inspecting Plaintiffs' property for damages.  The inadequacy of Culver's inspection is further evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection.   For example, Culver omitted some of the interior damages from his report.  Moreover, Culver both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  Furthermore, Culver's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Culver's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Culver's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.     Together, State Farm and Culver set about to deny and/or underpay on properly covered damages.   As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping

the damages during their investigation and thus denying adequate and sufficient payment to repair their home, the claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

17.   As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18.   To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19.   Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

20.   Defendants State Farm and Culver misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21.     Defendants State Farm and Culver failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants State Farm and Culver failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Culver failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Culver did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's and Culver's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendants State Farm and Culver failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Culver. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.     Defendants State Farm and Culver refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Culver failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Culver performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and

inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have

relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants State Farm and Culver knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants State Farm's and Culver's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiffs' experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT CULVER
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

32. Defendant State Farm assigned Defendant Culver to adjust the claim. Defendant Culver was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.    Defendant Culver's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.    Defendant Culver is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Culver's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Culver's unfair settlement practice, as described above and the example given

herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Culver's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Culver failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Specifically, Defendant Culver failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Culver as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Culver's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.   Defendant Culver did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendant Culver's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40.   Plaintiffs are not making any claims for relief under federal law.

### FRAUD

41.   Defendants State Farm and Culver are liable to Plaintiffs for common law fraud.

42.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Culver knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

44.   Defendants State Farm and Culver are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Culver were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by

unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Culver committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

45.   Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

47.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.   Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51.    Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52.    Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE §541.060(a)(4).

53.    Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.   Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.   Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

57.   Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

58.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Culver is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.   Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Culver including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.   Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.    Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

63.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64.    As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's and Culver's mishandling of Plaintiffs' claim in violation of the laws set forth above.

65.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

66.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

67.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

68.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

71.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

**WRITTEN DISCOVERY**

<u>**REQUESTS FOR DISCLOSURES**</u>

72.     *Plaintiffs' Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant Elwyn Culver* is attached as "Exhibit A-1."

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Page 17

## "EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| LUIS EDWARDO ALVARADO | § | IN THE DISTRICT COURT OF |
| JUAREZ AND IRMA E. JUAREZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ELWYN CULVER, | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT
### STATE FARM LLOYDS

TO:   DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*_____
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

### ATTORNEYS FOR PLAINTIFFS

"EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| LUIS EDWARDO ALVARADO | § | IN THE DISTRICT COURT OF |
| JUAREZ AND IRMA E. JUAREZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ELWYN CULVER, | § | |
| *Defendants*. | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT ELWYN CULVER

TO:    DEFENDANT ELWYN CULVER, at 263 Westin Hills, New Braunfels, Texas 78132.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Elwyn Culver (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

/s/ René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Page 19

# CIVIL CASE INFORMATION SHEET

Filed
4/19/2016 9:30:58 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVM000997D1

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

LUIS EDWARDO ALVARADO JUAREZ AND IRMA E. JUAREZ v. STATE FARM LLOYDS AND ELWYN CULVER

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>René M. Sigman<br><br>Address:<br>3810 W. Alabama Street<br><br>City/State/Zip:<br>Houston, Texas 77027<br><br>Signature:<br><br>*/s/ René M. Sigman* | Email:<br><br>rmsdocketefile@mostynlaw.com<br><br>Telephone:<br>(713) 714-0000<br><br>Fax:<br>(713) 714-1111<br><br>State Bar No:<br>24037492 | Plaintiff(s)/Petitioner(s):<br><br>Luis Eduardo Alavarado Juarez<br>Irma E. Juarez<br><br><br>Defendant(s)/Respondent(s):<br><br>State Farm Lloyds<br>Elwyn Culver<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | | | |
|---|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐Dependent Administration<br>  ☐Independent Administration<br>  ☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but no more than $200,000
☐Over $200,000 but no more than $1,000,000
☐Over $1,000,000

Filed
4/21/2016 11:28:17 AM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2016CVF000997D1

CAUSE NO. 2016CVF000997 D1

| | | |
|---|---|---|
| **LUIS EDUARDO ALVARADO** | § | **IN THE DISTRICT COURT OF** |
| **JUAREZ AND IRMA E. JUAREZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| *Defendants.* | § | **49TH JUDICIAL DISTRICT** |

---

## PLAINTIFFS' FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Luis Eduardo Alvarado Juarez and Irma E. Juarez ("Plaintiffs"), and file this *Plaintiffs' First Amended Petition*, complaining of State Farm Lloyds ("State Farm") and Elwyn Culver ("Culver") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.   Plaintiffs Luis Eduardo Alvarado Juarez and Irma E. Juarez are individuals residing in Webb County, Texas.

3.     Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant Elwyn Culver is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at his place of residence at 263 Westin Hills, New Braunfels, Texas 78132.

### JURISDICTION

5.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of

Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Culver because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.   Plaintiffs own the insured property, which is specifically located at 6002 Catedral Loop, Laredo, Texas 78043, in Webb County (hereinafter referred to as "the Property").

11.   State Farm sold the Policy insuring the Property to Plaintiffs.

12.   On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm").  Specifically, Plaintiffs' roof sustained extensive damage during the storm.  Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring.  Plaintiffs' home also sustained substantial structural and exterior damage during the storm.  After the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

13.     Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.     Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15.     Defendant State Farm assigned Defendant Culver as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about April 7, 2015, Culver conducted a substandard inspection of Plaintiffs' property. For example, Culver spent a mere thirty (30) minutes inspecting Plaintiffs' property for damages. The inadequacy of Culver's inspection is further evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Culver omitted some of the interior damages from his report. Moreover, Culver both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Furthermore, Culver's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Culver's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Culver's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.     Together, State Farm and Culver set about to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping

the damages during their investigation and thus denying adequate and sufficient payment to repair their home, the claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

17. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18. To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

20. Defendants State Farm and Culver misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21.    Defendants State Farm and Culver failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.    Defendants State Farm and Culver failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants State Farm and Culver failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants State Farm and Culver did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants State Farm's and Culver's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

23.    Defendants State Farm and Culver failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Culver.  Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

24.    Defendants State Farm and Culver refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Culver failed to conduct a reasonable investigation.  Specifically, Defendants State Farm and Culver performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and

inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have

relied to deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants State Farm and Culver knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30.     As a result of Defendants State Farm's and Culver's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31.     Plaintiffs' experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.   State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION**:

**CAUSES OF ACTION AGAINST DEFENDANT CULVER**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

32.     Defendant State Farm assigned Defendant Culver to adjust the claim.  Defendant Culver was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.   The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33. Defendant Culver's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Culver is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Culver's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Culver's unfair settlement practice, as described above and the example given

herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

36.   Defendant Culver's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

37.   Defendant Culver failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.    Specifically, Defendant Culver failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Culver as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

38.   Defendant Culver's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.    Defendant Culver did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendant Culver's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<u>CAUSES OF ACTION AGAINST ALL DEFENDANTS</u>

40.    Plaintiffs are not making any claims for relief under federal law.

FRAUD

41.    Defendants State Farm and Culver are liable to Plaintiffs for common law fraud.

42.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Culver knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

CONSPIRACY TO COMMIT FRAUD

44.    Defendants State Farm and Culver are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Culver were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by

unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Culver committed an unlawful, overt act to further the object or course of action.   Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

45.   Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

46.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

47.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.   Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.   Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

51.   Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

52.   Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

53.   Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.    Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.    Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

57.    Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

58.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Culver is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.    Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Culver including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.    Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

63.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64.   As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's and Culver's mishandling of Plaintiffs' claim in violation of the laws set forth above.

65.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

66.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are
        entitled to the amount of their claim, as well as eighteen (18) percent interest per annum
        on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE
        §542.060.

68.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled
        to compensatory damages, including all forms of loss resulting from the insurer's breach
        of duty, such as additional costs, economic hardship, losses due to nonpayment of the
        amount the insurer owed, exemplary damages, and damages for emotional distress.

69.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for
        knowingly fraudulent and malicious representations, along with attorney's fees, interest,
        and court costs.

70.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage
        the services of the attorney whose name is subscribed to this pleading.   Therefore,
        Plaintiffs are entitled to recover a sum for the reasonable and necessary services of
        Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the
        Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

71.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury
        consisting of citizens residing in Webb County, Texas.   Plaintiffs hereby tender the
        appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

72.      *Plaintiffs' Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit

A." *Plaintiffs' Request for Disclosure to Defendant Elwyn Culver* is attached as "Exhibit

A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said

Plaintiffs have and recover such sums as would reasonably and justly compensate them in

accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,

Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed

by law, and for any other and further relief, either at law or in equity, to which they may show

themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

## ATTORNEYS FOR PLAINTIFFS

"EXHIBIT A"

CAUSE NO. 2016CVF000997 D1

| | | |
|---|---|---|
| LUIS EDUARDO ALVARADO | § | IN THE DISTRICT COURT OF |
| JUAREZ AND IRMA E. JUAREZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ELWYN CULVER, | § | |
| *Defendants*. | § | 49TH JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT STATE FARM LLOYDS

TO:    DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

"EXHIBIT A-1"

## CAUSE NO. 2016CVF000997 D1

| | | |
|---|---|---|
| LUIS EDUARDO ALVARADO | § | IN THE DISTRICT COURT OF |
| JUAREZ AND IRMA E. JUAREZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ELWYN CULVER, | § | |
| *Defendants*. | § | 49TH JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT ELWYN CULVER

TO:   DEFENDANT ELWYN CULVER, at 263 Westin Hills, New Braunfels, Texas 78132.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Elwyn Culver (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Page 19





April 25, 2016

**VIA FED-EX**
Esther Degollado
1110 Victoria St, Suite 203
Laredo, Texas 78040

> Cause No. 2016CVF000997D1; *Luis Eduardo Alvarado Juarez and Irma E. Juarez v. State Farm Lloyds and Elwyn Culver*; In the 49th Judicial District Court of Webb County, Texas
> Our File No. 056583

Dear Clerk:

Please return the citations issued in the above referenced case via the enclosed pre-paid FedEx envelope. The proper fee has already been paid via e-filing.

Thank you for your time and attention. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

**MOSTYN LAW**

*Vantrese D. Harvey*

Vantrese D. Harvey
Paralegal to René M. Sigman

---

**Mostyn Law**
3810 W. Alabama Street   Houston, Texas 77027   **T** 713 714 0000   **F** 713 714 1111         mostynlaw.com

HOUSTON  /  BEAUMONT  /  AUSTIN  /  GALVESTON  /  1 800 400 4000



State District Court
49ᵀᴴ Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

April 21, 2016

# NOTICE OF CALENDAR CALL

CAUSE NO. 2016CVF000997 D1

LUIS EDUARDO ALVARADO JUAREZ ET.AL.
VS
STATE FARM LLOYDS ET.AL.

Please take notice that this case is set for Calendar Call on ___07/05/2016___
at 1:30 PM at the 49ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable
Judge Jose A. Lopez.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and
Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures
prior to calendar call date.  This guideline order should have all appropriate dates including
pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may
be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49ᵗʰ District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

```
**  Transmit  Confirmation  Report  **
```
P.1                                                    Apr 21 2016 02:53pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917137141111 | Fine | 21,02:52pm | 0'47" | 1 | O K | |



State District Court
49ᵀᴴ Judicial District of Texas
Counties of Webb and Zapata

Jose A. Lopez
State District Judge

April 21, 2016

## NOTICE OF CALENDAR CALL

CAUSE NO. 2016CVF000997 D1

LUIS EDUARDO ALVARADO JUAREZ ET AL.
VS
STATE FARM LLOYDS ET AL.

Please take notice that this case is set for Calendar Call on   07/05/2016
at 1:30 PM at the 49ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable
Judge Jose A. Lopez. Your presence is MANDATORY unless Counsel for Plaintiff(s) and
Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures
prior to calendar call date. This guideline order should have all appropriate dates including
pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may
be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49ᵗʰ District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

CAUSE NO. 2016CVF000997D1

| | | |
|---|---|---|
| **LUIS EDUARDO ALVARADO JUAREZ** | § | **IN THE DISTRICT COURT** |
| **AND IRMA E. JUAREZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **49TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

## ORIGINAL ANSWER AND REQUEST FOR JURY TRIAL
## BY STATE FARM LLOYDS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES State Farm Lloyds, alleged to be a defendant in this action (for convenience, herein sometimes called "State Farm" or "Defendant"), and files this Original Answer and Request for Jury Trial in response to the Plaintiffs' First Amended Petition (for convenience, such First Amended Petition and any amendment or supplement to it herein called "Complaint") of Plaintiffs Luis Eduardo Alvarado Juarez and Irma E. Juarez.  Without waiving any applicable defenses, whether affirmative or otherwise, and reserving the right to assert and rely on any such applicable defenses as may become available or apparent during the course of this action and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, State Farm Lloyds would respectfully show the Court as follows:

### RESPONSES TO PLAINTIFFS' ALLEGATIONS

#### Plaintiffs' Complaint – "Discovery Control Plan"

1.     No answer is necessary to the allegations in paragraph 1 of Plaintiffs' Complaint concerning the discovery level under Texas state practice.

**Plaintiffs' Complaint – "Parties"**

2.      With respect to paragraph 2 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are citizens of the State of Texas.

3.      With respect to paragraph 3 of Plaintiffs' Complaint, Defendant admits that State Farm Lloyds is an insurance company engaging in the business of insurance in the State of Texas.  State Farm Lloyds is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas.  Insofar as the remaining allegations of paragraph 3 concerning service of process to State Farm Lloyds, Defendant admits that State Farm Lloyds may be served with process in accordance with the "Service of Process" provision of the insurance policy under which Plaintiffs purport to be claiming in this action.  Defendant denies any remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      With respect to paragraph 4 of Plaintiffs' Complaint, Defendant admits that Mr. Elwyn Culver is a resident of the State of Texas; however, Mr. Culver has been improperly joined and his citizenship should therefore be disregarded.  In addition, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of contract or any supposed breach of any contended duty of good faith and fair dealing.  Also, under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code.  Further, Mr. Culver is not an "insurer authorized to engage in business as an insurance company" and therefore cannot be liable for any supposed violation of Chapter 542 of the Texas Insurance Code.  Moreover, under Texas law, (a) there is no cause of action for any supposedly negligent claims handling; (b) any statements purportedly made in connection with

post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (c) matters of opinion are not actionable misrepresentations; and (d) an unincorporated association such as State Farm Lloyds and its agents such as Mr. Culver constitute a single entity and therefore cannot form a "conspiracy."

### Plaintiffs' Complaint – "Jurisdiction"

5. No answer is necessary to paragraph 5 of Plaintiffs' Complaint. This paragraph concerns the minimum jurisdictional amount under Texas state practice. To the extent an answer is required, Defendant admits that the amount in controversy in this action alleged by Plaintiffs exceeds the sum of $75,000.00, exclusive of interest and costs.

6. With regard to the allegations contained in paragraphs 6 and 7 of Plaintiffs' Complaint, Defendant contends that jurisdiction is properly with the United States District Court, Southern District, Laredo Division, because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because there is complete diversity of the real parties in interest in this action. Defendant denies any allegations by Plaintiffs that tend to contradict that jurisdiction lies with the United States District Court, Southern District, Laredo Division. Additionally, with specific reference to paragraph 7 of Plaintiffs' Complaint and Mr. Culver, Mr. Culver has been improperly joined and his citizenship should be disregarded for purposes of evaluating diversity of citizenship.

### Plaintiffs' Complaint - "Venue"

7. With regard to the allegations contained in paragraph 8 of Plaintiffs' Complaint, venue instead lies in the Laredo Division of the United States District Court, Southern District. Defendant denies any allegations by Plaintiffs that tend to contradict venue in the Laredo Division of the United States District Court, Southern District.

**Plaintiffs' Complaint - "Facts"**

8.      Regarding paragraph 9 of Plaintiffs' Complaint, Defendant admits that State Farm Lloyds issued Homeowners Policy No. 83-BJ-E182-3, in effect as of the date of the alleged loss made the basis of Plaintiffs' insurance claim at issue in this action, wherein Plaintiff Luis Juarez was listed as "Named Insured" and 6002 Cathedral Loop, Laredo, Texas 78043-4793, was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendant denies any remaining allegations contained in paragraph 9 of Plaintiffs' Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action.

9.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

10.     With respect to paragraph 11 of Plaintiffs' Complaint, Defendant admits that State Farm Lloyds issued Homeowners Policy No. 83-BJ-E182-3, in effect as of the date of the alleged loss made the basis of Plaintiffs' insurance claim at issue in this action, wherein Plaintiff Luis Juarez was listed as "Named Insured" and 6002 Cathedral Loop, Laredo, Texas 78043-4793, was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendant denies any remaining allegations contained in paragraph 11 of Plaintiffs' Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action.

11.     With respect to paragraphs 12, 13, and 14 of Plaintiffs' Complaint, Defendant admits that (a) an insurance claim was reported on or about April 3, 2015, by or for Plaintiffs to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiffs' dwelling purportedly caused by a windstorm on or about May 9, 2014; (b) Mr. Culver inspected Plaintiffs' property on or about April 7, 2015; (c) Mr. Culver prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiffs' property; and (d) the loss was below the deductible. Other than the foregoing, Defendant denies all of the remaining allegations in paragraphs 12, 13 and 14 of Plaintiffs' Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action.

12.     With respect to paragraph 15 of Plaintiffs' Complaint, Defendant admits that (a) an insurance claim was reported on or about April 3, 2015, by or for Plaintiffs to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiffs' dwelling purportedly caused by a windstorm on or about May 9, 2014; (b) Mr. Culver inspected Plaintiffs' property on or about April 7, 2015; (c) Mr. Culver prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiffs' property; and (d) the loss was below the deductible. Other than the foregoing, Defendant denies all of the remaining allegations in paragraph 15 of Plaintiffs' Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action.

13.     Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

14.     Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

15.     Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

16.     Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

17.     Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

18.      Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

19.     Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

21.     Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

22.     Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

23.     Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

24.      Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

26.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint. Defendant specifically denies that State Farm or Mr. Culver supposedly made any "false representations" of material facts to Plaintiffs or that they "knowingly concealed" any material information from Plaintiffs as contended in Plaintiffs' Complaint.

27.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint. Defendant specifically denies that anything allegedly done or not done by State Farm or Elwyn Culver supposedly constitutes a "wrongful act or omission" as contended by Plaintiffs or that it was necessary for Plaintiffs to retain the services of an attorney to bring this action because of anything allegedly done or not done by Defendants.

28.     Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

### Plaintiffs' Complaint - "Causes of Action"- "Causes of Action Against Defendant Culver" - "Noncompliance with Texas Insurance Code: Unfair Settlement Practices"

29.     Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint. Among other things, Mr. Culver was improperly joined in this lawsuit. Defendant additionally denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action.

30.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

31.     Regarding paragraph 34 of Plaintiffs' Complaint, Defendant denies that Mr. Culver committed any supposedly "unfair and deceptive acts" as alleged.  The  remaining  allegations contained in paragraph 34 of Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant denies such allegations but does admit that the word "person" is defined in section 541.002(2) of the Texas Insurance Code as set out in such section of the statute.

32.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

36.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

### Plaintiffs' Complaint - "Causes of Action" - "Causes of Action Against All Defendants"

37.     The allegations contained in paragraph 40 of Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant is without sufficient information to admit or deny such allegations.

### Plaintiffs' Complaint - "Causes of Action"- "Causes of Action Against All Defendants" - "Fraud"

38.     Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint and specifically deny that anything done or not done by State Farm or Mr. Culver supposedly constituted "common law fraud" as contended by Plaintiffs in the Complaint.

39.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

40.     Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.  In addition, under Texas law, (a) any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (b) matters of opinion are not actionable misrepresentations; (c) Plaintiffs did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Culver; and (d) no supposed act or omission that Plaintiffs allege to be attributable to State Farm or Mr. Culver was the proximate or producing cause of Plaintiffs' alleged damages.

### Plaintiffs' Complaint - "Causes of Action"- "Causes of Action Against All Defendants" - "Conspiracy to Commit Fraud"

41.     Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint. Defendant specifically denies that State Farm and Mr. Culver were "members" of any purported "combination of two or more persons whose object was to accomplish an unlawful purpose" as asserted by Plaintiffs in paragraph 44. In addition, Defendant specifically denies that State Farm or Mr. Culver committed any "unlawful, overt act" as vaguely mentioned in paragraph 44 of Plaintiffs' Complaint or that they have any supposed liability for any contended "conspiracy" as asserted in paragraph 44. Also, under Texas law, an unincorporated association such as State Farm Lloyds and its agents such as Mr. Culver constitute a single entity and therefore cannot form a "conspiracy."

**Plaintiffs' Complaint -**
**"Causes of Action Against State Farm Only"**

42.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint. Further, (a) Mr. Culver cannot be liable for any supposed breach of contract because he is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action; (b) under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code; and (c) Mr. Culver cannot be liable for any supposed breach of any contended duty of good faith and fair dealing because he was not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action.

**Plaintiffs' Complaint -**
**"Causes of Action Against State Farm Only" - "Breach of Contract"**

43.     Defendant denies the allegations contained in paragraphs 46 and 47 of Plaintiffs' Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiffs purport to be claiming in this action. Further, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of contract.

**Plaintiffs' Complaint -**
**"Causes of Action Against State Farm Only" -**
**"Noncompliance with Texas Insurance Code: Unfair Settlement Practices"**

44.     Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision

9

of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint.

45.     Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint, including but not limited to § 541.060(a)(1).

46.     Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint, including but not limited to § 541.060(a)(2)(A).

47.     Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint, including but not limited to § 541.060(a)(3).

48.     Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint, including but not limited to § 541.060(a)(4).

49.     Defendant denies the allegations contained in paragraph 53 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiffs in their Complaint, including but not limited to § 541.060(a)(7).

**Plaintiffs' Complaint -
"Causes of Action Against State Farm Only" -
"Noncompliance with Texas Insurance Code: Prompt Payment of Claims"**

50.     Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiffs in their Complaint.

51.     Defendant denies the allegations contained in paragraph 55 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiffs in their Complaint, including but not limited to § 542.055.

52.     Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiffs in their Complaint, including but not limited to § 542.056.

53.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiffs' insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiffs in their Complaint, including but not limited to § 542.058.

**Plaintiffs' Complaint –**
**"Causes of Action Against State Farm Only"-**
**"Acts Constituting Acting as Agent"**

54.     The allegations in paragraph 58 of Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, (a) Defendant admits that Mr. Culver is an adjuster who performed on State Farm L1oyds' behalf an inspection and estimate of the damage to Plaintiffs' property reported by Plaintiffs to have been caused by a May 9, 2014 storm; and (b) Defendant denies the remaining allegations of paragraph 58 of Plaintiffs' Complaint. Among other things, Mr. Culver was improperly joined in this lawsuit.

55.     The allegations in paragraph 59 of Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, (a) Defendant admits that Mr. Culver is an adjuster who performed on State Farm L1oyds' behalf an inspection and estimate of the damage to Plaintiffs' property reported by Plaintiffs to have been caused by a May 9, 2014 storm; and (b) Defendant denies the remaining allegations of paragraph 59 of Plaintiffs' Complaint. Among other things, Mr. Culver was improperly joined in this lawsuit.

**Plaintiffs' Complaint -**
**"Causes of Action Against State Farm Only" -**
**"Breach of the Duty of Good Faith and Fair Dealing"**

56.     Defendant denies the allegations contained in paragraph 60 of Plaintiffs' Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done constitutes an

alleged breach of the common law duty of good faith and fair dealing as asserted by Plaintiffs in their Complaint. Additionally, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

57.     Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint. Defendant specifically denies that (a) State Farm Lloyds supposedly "failed" to reasonably investigate Plaintiffs' insurance claim; (b) any alleged liability of State Farm Lloyds under the subject insurance policy to pay the amount demanded by Plaintiffs in excess of that already paid by State Farm Lloyds has ever been reasonably clear; or (c) anything State Farm Lloyds has or has not done constitutes an alleged breach of the common law duty of good faith and fair dealing as asserted by Plaintiffs in their Complaint. Additionally, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

### Plaintiffs' Complaint - "Knowledge"

58.     Defendant denies the allegations contained in paragraph 62 of Plaintiffs' Complaint. Defendant specifically denies that (a) anything State Farm has or has not done as alleged by Plaintiffs in their Complaint was "knowingly" done as that term is used in the Texas Insurance Code or (b) anything State Farm has or has not done as alleged by Plaintiffs in their Complaint was a "producing cause" of Plaintiffs' purported damages.

### Plaintiffs' Complaint - "Damages"

59.     Defendant denies the allegations contained in paragraph 63 of Plaintiffs' Complaint. Defendant specifically denies that anything supposedly done or not done by State Farm or Mr.

13

Culver as alleged in Plaintiffs' Complaint was a "producing cause" of Plaintiffs' purported damages.

60.     Defendant denies the allegations contained in paragraph 64 of Plaintiffs' Complaint. Defendant specifically denies that anything supposedly done or not done by State Farm or Mr. Culver as alleged in Plaintiffs' Complaint purportedly caused Plaintiffs not to be able to repair the contended damage to Plaintiffs' property from the alleged storm or caused any further damage to such property.

61.     Defendant denies the allegations contained in paragraph 65 of Plaintiffs' Complaint. Defendant specifically denies any purported liability for any contended "breach of contract" as alleged by Plaintiffs in this action. Further, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of contract.

62.     Defendant denies the allegations contained in paragraph 66 of Plaintiffs' Complaint. Defendant specifically denies any purported liability for any contended "noncompliance with the Texas Insurance Code, Unfair Settlement Practices" as alleged by Plaintiffs in this action. Further, under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code.

63.     Defendant denies the allegations contained in paragraph 67 of Plaintiffs' Complaint. Defendant specifically denies any purported liability for any contended "noncompliance with [the] Texas Insurance Code, Prompt Payment of Claims" as alleged by Plaintiffs in this action. Further, Mr. Culver is not an "insurer authorized to engage in business as an insurance company"; therefore, he cannot be liable for any supposed violation of Chapter 542 of the Texas Insurance Code.

64.    Defendant denies the allegations contained in paragraph 68 of Plaintiffs' Complaint. Defendant specifically denies any purported liability for any contended "breach of the common law duty of good faith and fair dealing" as alleged by Plaintiffs in this action. Further, Mr. Culver is not a party to the policy of insurance under which Plaintiffs purport to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

65.    Defendant denies the allegations contained in paragraph 69 of Plaintiffs' Complaint. Defendant specifically denies any purported liability for any contended "fraud" as alleged by Plaintiffs in this action. Among other things, under Texas law, (a) any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (b) matters of opinion are not actionable misrepresentations; (c) Plaintiffs did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Culver; and (d) no supposed act or omission that Plaintiffs allege to be attributable to State Farm or Mr. Culver was the proximate or producing cause of Plaintiffs' alleged damages.

66.    With regard to paragraph 70 of Plaintiffs' Complaint, Defendant admits that Plaintiffs appear to have retained the attorney whose name is subscribed to the Complaint to represent them in this action but deny the remaining allegations contained in paragraph 70. Defendant specifically denies that Plaintiffs are entitled to the recovery of any attorney fees from State Farm or Mr. Culver as alleged by Plaintiffs in the Complaint.

**Plaintiffs' Complaint - "Jury Demand"**

67.    No answer is necessary to the allegations in paragraph 71 of Plaintiffs' Complaint as such paragraph concerns Plaintiffs' request for a jury trial in this action. To the extent an answer is required, Defendant concurs with the request for a jury trial herein.

**Plaintiffs' Complaint - "Written Discovery"**

68.     No answer is necessary to the allegations in paragraph 72 of Plaintiffs' Complaint as such paragraph concerns discovery instruments propounded pursuant to Texas state court rules and practice.

**Plaintiffs' Complaint - "Prayer"**

69.     The allegations in the paragraph labeled "Prayer" in Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any recovery or relief as alleged in the paragraph labeled "Prayer" in Plaintiffs' Complaint.

## ADDITIONAL DEFENSES TO PLAINTIFFS' ALLEGATIONS

### First Defense

70.     Defendant denies each and every material allegation made in Plaintiffs' Complaint not previously controverted or admitted herein and demands that Plaintiffs prove, by credible evidence meeting the requisite standard of proof, each and every such material allegation made in Plaintiffs' Complaint.

### Second Defense

71.     Plaintiffs' Complaint, in whole or in part, fails to state a ground or claim upon which relief can be granted.

### Third Defense

72.     Plaintiffs' claims are barred, in whole or in part, by the terms, conditions, exclusions, or limitations of the policy of insurance under which Plaintiffs purport to be claiming in this action. Among its other terms, conditions, exclusions, or limitations, such policy specifies:

DECLARATIONS CONTINUED

We [State Farm Lloyds] agree to provide the insurance described in this policy:

1.      based on your [Plaintiffs'] payment of premium for the coverages you chose;

2.      based on your compliance with all applicable provisions of this policy; and

3.      in reliance on your statements in these Declarations.

You [Plaintiffs] agree, by acceptance of this policy, that:

1.      you will pay the premiums when due and comply with the provisions of this policy;

2.      the statements in these Declarations are your statements and are true;

3.      we insure you on the basis your statements are true; and

4.      this policy contains all of the agreements between you and us and any of our agents.

DEFINITIONS

*******

12.      "residence premises" means:

a.      the one, two, three[,] or four-family dwelling, other structures[,] and grounds; or

b.       that part of any other building;

where you reside and which is shown in the Declarations.

*******

SECTION I - COVERAGES

COVERAGE A - DWELLING

1.      Dwelling. We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

*******

3.      Property Not Covered. We do not cover:

a.      land, including the land necessary to support any Coverage A property;

b.      any costs required to replace, rebuild, stabilize, or otherwise restore the land; or

17

c.      the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A.

*******

## COVERAGE B - PERSONAL PROPERTY

1.      Property Covered. We cover personal property owned or used by an insured while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. …

*******

## COVERAGE C - LOSS OF USE

1.      Additional Living Expense. When a Loss Insured causes the residence premises to be uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by expiration of this policy.

*******

## SECTION I - LOSSES INSURED

## COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

## COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:

*******

2.      Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

*******

18

12.     Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

Except as specifically provided by this endorsement, this peril does not include loss:

a.      to the system or appliance from which the water or steam escaped;

b.      caused by or resulting from freezing;

c.      caused by or resulting from water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

d.      caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, mold, or wet or dry rot.[1]

*******

SECTION 1- LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*******

f.      except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1)     heating, air conditioning or automatic fire protective sprinkler system;

(2)     household appliance; or

(3)     plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

---

[1] See Water Damage Endorsement, FE-5369.1.

g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;[2]

h.      corrosion, electrolysis or rust;

i.       mold, fungus or wet or dry rot;

j.      contamination;

        *******

l.      except as specifically provided by this endorsement, settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings[3];

m.      birds, vermin, rodents, insects, or domestic animals. We do cover breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals; or

n.      pressure from or presence of tree, shrub or plant roots.

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

        *******

b.      Earth Movement, meaning the sinking, rising, shifting, expanding[,] or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.

However, we do insure for any direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a Loss Insured.

c.      Water, meaning:

---

[2] See Water Damage Endorsement, FE-5369.1.
[3] See Dwelling Foundation Endorsement.

(1)     flood, surface water, waves, (including tidal wave, tsunami, and seiche), overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2)     water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3)     water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)     material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

However, we do insure for any direct loss by fire, explosion or theft resulting from water, provided the resulting loss is itself a Loss Insured.[4]

d.     Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

*******

3.     We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss:

a.     conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.     defect, weakness, inadequacy, fault or unsoundness in:

(1)     planning, zoning, development, surveying, siting;

(2)     design, specifications, workmanship, construction, grading, compaction;

(3)     materials used in construction or repair; or

(4)     maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

---

[4]     FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiffs purport to be claiming in this action.

c.      weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

*******

SECTION I – CONDITIONS

1.      Insurable Interest and Limit of Liability. Even if more than one person has an insurable interest in the property covered, we will not be liable:

a.      to the insured for an amount greater than the insured's interest; or

b.      for more than the applicable limit of liability.

*******

2.      Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent. . .;

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.      prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.      as often as we reasonably require:

            (1)      exhibit the damaged property;

            (2)      provide us with records and documents we request and permit us to make copies;

            (3)      submit to and subscribe, while not in the presence of any other insured:

                        (a)      statements; and

                        (b)      examinations under oath; and

(4)      produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; and

e.    submit to us within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

> (1)    the time and cause of loss;
>
> (2)    interest of the insured and all others in the property involved and all encumbrances on the property;
>
> (3)    other insurance which may cover the loss;
>
> (4)    changes in title or occupancy of the property during the term of this policy;
>
> (5)    specifications of any damaged building and detailed estimates for repair of the damage;
>
> (6)    an inventory of damaged or stolen personal property described in 2.c.;
>
> (7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and
>
> (8)    evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

f.    if the loss is caused by windstorm or hail in the catastrophe area as defined under Texas law, you must file a claim with us not later than one year after the date of the loss that is the subject of the claim unless you show good cause for not filing the claim within this time period.[5]

*******

6.    Suit Against Us. No action shall be brought unless:

> a.    there has been compliance with the policy provisions; and
>
> b.    except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;
>
> c.    with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:
>
> > (1)    two years from the date we accept or reject the claim; or

---

[5]    FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiffs purport to be claiming in this action.

(2)     three years from the date of the loss that is the subject of the claim.[6]

\*\*\*\*\*\*\*

10.     Mortgage Clause (without contribution)

a.      The word "mortgagee" includes trustee.

b.      We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the Declarations as interests appear.

\*\*\*\*\*\*\*

## SECTION I AND SECTION 11- CONDITIONS

1.      Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

2.      Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

\*\*\*\*\*\*\*

4.      Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by us to be valid.

\*\*\*\*\*\*\*

7.      Assignment. Assignment of this policy shal1 not be valid unless we give our written consent.

\*\*\*\*\*\*\*

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

DEFINITIONS

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

SECTION I - LOSSES INSURED

Item l2.d. is replaced with the fol1owing:

---

[6]      FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiffs purport to be claiming in this action.

    d.       caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

Item 13.b. is replaced with the fol1owing:

    b.       caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

SECTION I - LOSSES NOT INSURED

Item 1.i. is replaced with the fol1owing:

    i.       wet or dry rot;

In item 2., the fol1owing is added as item g.:

    g.       Fungus. We also do not cover:

        (1)      any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair or replacement, by fungus;

        (2)      any remediation of fungus, including the cost to:

            (a)      remove the fungus from covered property or to repair, restore, or replace that property; or

            (b)      tear out and replace any part of the building or other property as needed to gain access to the fungus; or

        (3)      the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

All other policy provisions apply.

*******

HOMEOWNERS POLICY ENDORSEMENT

25

COVERAGE A - DWELLING (Applicable to HOMEOWNERS POLICY)

A1 - Replacement Cost Loss Settlement - Similar Construction is replaced with the following:

a.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1)      until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the properly;

(2)      when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3)      to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4)      we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

b.      Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

A2 -     Replacement Cost Loss Settlement - Common Construction is replaced with the following:

a.      We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1)      we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

(2)      until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

(3)     when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(4)     to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5)     we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair[,] or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

b.     Wood Fences.  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

*******

OPTIONAL POLICY PROVISIONS

*******

Option ID - Increased Dwelling Limit is replaced by the following:

Option ID - Increased Dwelling Limit. We will settle losses to damaged building structures covered under COVERAGE A - DWELLING according to the SECTION I - LOSS SETTLEMENT provision shown in the Declarations.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the Declarations, we will pay the additional amounts not to exceed:

1.     the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2.     10% of the Option I D limit of liability to repair or replace building structures covered under COVERAGE A - DWELLING, Dwelling Extension.

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the Declarations, if you fail to notify us of the increased value within 90 days.

Option OL - Building Ordinance or Law. (Applicable to HOMEOWNERS POLICY)

Item 3.c. is replaced by the following:

c.      legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law, if:

(1)      the enforcement is directly caused by the same Loss Insured; and

(2)      the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

Item 4 is replaced by the following:

4.      Building Ordinance or Law Coverage Limitations.

a.      We will not pay for any increased cost of construction under this coverage:

(1)      until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

(2)      unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

b.      We will not pay more for loss to the undamaged portion of the dwelling caused by the enforcement of any ordinance or law than:

(1)      the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

(2)      the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

c.      We will not pay more under this coverage than the amount you actually spend:

(1)      for the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

(2)      to demolish and clear the site of the undamaged portions of the dwelling caused by enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area[,] and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph I. Coverage Provided of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement[.] or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

*******

All other policy provisions apply.

**Fourth Defense**

73.     Plaintiffs' claims are barred, in whole or in part, because Mr. Culver does not have any

contractual, statutory, or common law duty to pay damages pursuant to the policy of insurance

under which Plaintiffs purport to be claiming in this action. Mr. Culver is not a party to such policy;

is not an insurance carrier; and Plaintiffs are not consumers with respect to Mr. Culver and did not

purchase or lease any goods or services from him. In addition, under Texas law, there is no cause

of action for any supposedly negligent claims handling; any statements purportedly made in

connection with post-loss investigation or handling of an insurance claim are not actionable

misrepresentations; matters of opinion are not actionable misrepresentations; Plaintiffs did not

detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Culver as

alleged by Plaintiffs in their Complaint; no supposed act or omission that Plaintiffs allege in their

Complaint to be attributable to State Farm or Mr. Culver was the proximate or producing cause of

Plaintiffs' contended damages; and an unincorporated association such as State Farm Lloyds and

its agents such as Mr. Culver constitute a single entity and therefore cannot form a "conspiracy."

**Fifth Defense**

74.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' insurance claim was

reasonably investigated and adjusted. Further, any alleged liability for the insurance claim in

question did not become and is not reasonably clear.

29

## Sixth Defense

75.     Plaintiffs' claims are barred, in whole or in part, because there exist bona fide and legitimate issues with regard to the construction or applicability of certain insurance policy provisions and exclusions, compliance by Plaintiffs with obligations under the policy under which Plaintiffs purport to be claiming in this action, the nature and extent of the damages and losses alleged by Plaintiffs, and the reasonableness of the sums claimed by Plaintiffs.

## Seventh Defense

76.     Texas law prohibits Plaintiffs from obtaining more than one recovery for the same alleged damage and injury. See, e.g., *Myriad Development. Inc. v. Alltech, Inc.,* 817 F.Supp.2d 946, 982-983 (W.D. Tex. 2011); *Tony Gullo Motors I, LP v. Chapa,* 212 S.W.3d 299, 303 (Tex. 2006); *Waite Hill Services. Inc. v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184 (Tex. 1998).

## Eighth Defense

77.     Plaintiffs' causes of action are barred and Plaintiffs are not entitled to any relief on the alleged causes of action to the extent that Plaintiffs failed to mitigate Plaintiffs' contended damages.

## Ninth Defense

78.     Plaintiffs' causes of action are barred and Plaintiffs are not entitled to any relief on such causes of action to the extent that the doctrine of concurrent causes applies to Plaintiffs' claim or claims.

## Tenth Defense

79.     Plaintiffs have the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

## Eleventh Defense

80.     To any extent Plaintiffs allege any breach of the duty of good faith and fair dealing, Plaintiffs are precluded from any such recovery in the absence of any breach of the policy of insurance under which Plaintiffs purport to be claiming in this action. See *Liberty Mutual Insurance Co. v. Akin.* 927 S.W.2d 627, 629 (Tex. 1996). Further, Mr. Culver is not a party to the policy in question and therefore could not "breach" any such supposed duty of good faith and fair dealing. See *Natividad v. Alexsis,* 875 S. W.2d 695, 698 (Tex. 1994); accord *HVAW v. American Motorists Insurance Co.,* 968 F.Supp. 1178, 1184 (N.D. Tex. 1997) (no contractual duty and no duty of good faith and fair dealing between claims manager and plaintiffs), aff'd, 149 F .3d 1175 (5th Cir. 1998).

## Twelfth Defense

81.     Further, a legitimate and bona fide dispute exists regarding whether there is any coverage available, or the extent to which there might be any coverage available, for Plaintiffs' insurance claim under the policy in question. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiffs in this action. See *United States Fire Insurance Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997); see also *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994).

## Thirteenth Defense

82.     To any extent Plaintiffs claim recovery from Defendants for any supposed "negligence," "negligent claims handling," "gross negligence," or any variants thereof, Plaintiffs are precluded from any such recovery because there is no cause of action in Texas for any supposedly negligent claims handling. See *Higginbotham v. State Farm Mutual Automobile Insurance Co.,* 103 F.3d

456, 460 (5th Cir. 1997); see also *United Services Automobile Association v. Pennington,* 810

S.W.2d 777, 783-784 (Tex. App. - San Antonio 1991, writ denied).

**Fourteenth Defense**

83.     To any extent Plaintiffs allege any supposed claims under the Texas Insurance Code in the

Complaint, Plaintiffs are precluded from any recovery or relief thereunder because, among other

things, (a) Plaintiffs failed to satisfy one or more conditions precedent to any recovery under the

statute; (b) State Farm Lloyds did not breach the insurance policy under which Plaintiffs purport

to be claiming in this action; (c) Plaintiffs have not sustained any damages independent of

Plaintiffs' alleged breach-of-contract theory; (d) Plaintiffs did not detrimentally rely upon any

supposed acts, practices, or omissions of State Farm or Mr. Culver; (e) Plaintiffs' insurance claim

was reasonably investigated and adjusted; (f) any alleged liability for Plaintiffs' insurance claim

did not become and is not reasonably clear; and (g) there is a bona fide coverage dispute concerning

Plaintiffs' insurance claim and the policy of insurance policy under which Plaintiffs purport to be

claiming in this action.

**Fifteenth Defense**

84.     Plaintiffs are not entitled to recover any attorney fees as alleged in the Complaint in this

action. "Until a duty to pay under an insurance policy has been established, there is no just amount

owed." See *Beacon National Insurance Co. v. Glaze,* 114 S.W.3d 1, 6 (Tex. App. – Tyler 2003,

pet. denied); see also *Sikes v. Zuloaga,* 830 S. W.2d 752, 754 (Tex. App. - Austin 1992, no writ).

**Sixteenth Defense**

85.     To any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action,

Plaintiffs are unable to establish, by credible evidence meeting the requisite standard of proof, that

Defendants were actually aware of any harm which Plaintiffs allege to have sustained as a result

of the handling of Plaintiffs' insurance claim; therefore, under the holding of *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex. 1994), Plaintiffs are not entitled to any alleged exemplary or punitive damages because Plaintiffs are unable to prove that Defendants were actually aware of an extreme risk resulting from the handling of Plaintiffs' claim.

### Seventeenth Defense

86.     Plaintiffs are unable to establish, by clear and convincing evidence, that State Farm or Mr. Culver acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiffs are not entitled to any supposed exemplary or punitive damages that Plaintiffs allege in this action. See, e.g., *Smith v. O'Donnell,* 288 S.W.3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva,* 148 S.W.3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung,* 904 S. W.2d 638, 640-641 (Tex. 1995).

### Eighteenth Defense

87.     Additionally, to the extent the Complaint filed by Plaintiffs in this action seeks any recovery of alleged punitive or exemplary damages, section 41.008 of the Texas Civil Practice and Remedies Code applies and any attempted recovery of alleged punitive or exemplary damages is subject to the statutory limits set forth therein, other applicable statutory authority, and common law.

### Nineteenth Defense

88.     Further, to any extent Plaintiffs seek any recovery of exemplary or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendants to substantive and procedural due process as provided in Article I, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v.*

*Leatherman Tool Group, Inc.,* 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore, 517* U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

### Twentieth Defense

89.    To the extent any other persons or entities (including any other defendants, third-party defendants, responsible third parties, or settling tortfeasors sued or who could have been sued in this action) caused or were proportionately responsible for any of the damages alleged in this action, then State Farm and Mr. Culver are entitled to credit or contribution from such other persons or entities in the unlikely event of any recovery by Plaintiffs of any alleged damages in this action.  Defendant therefore respectfully asks that the trier of fact determine each such person's or entity's percentage of responsibility for causing or contributing to cause in any way any of the damages as alleged in this action. By doing so, Defendant does not in any way admit any liability but continue to deny the allegations as now or as may be later made against Defendant in this action.

### Twenty-First Defense

90.    Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681, 683 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.,* 390 S. W.2d 388, 390 (Tex. Civ. App. - El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles,* 950 S.W.2d 48, 60 (Tex. 1997) (Hecht, J., concurring in

judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages") .

## Twenty-Second Defense

91.    In addition, any amount or recovery of actual damages supposedly sustained by Plaintiffs on account of any alleged breach of contract is limited to the subject insurance policy's applicable limit or sublimit of coverage, less the pertinent deductible (if any and if not already applied), and with credit being given for any sums paid or that might be paid to Plaintiffs as a result of the insurance claim or claims as reported to State Farm Lloyds.

## Twenty-Third Defense

92.    Plaintiffs' causes of action are barred, in whole or in part, and Plaintiffs are not entitled to any relief on such causes of action, to the extent Plaintiffs failed or neglected to protect the property from further loss or failed or neglected to make reasonable and necessary repairs.

## Twenty-Fourth Defense

93.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy one or more conditions precedent to recovery under the policy of insurance under which Plaintiffs purport to be claiming in this action. Among others, Plaintiffs failed to satisfy the condition precedent of demonstrating that there is any additional covered damage to Plaintiffs' property for which Plaintiffs have not already been compensated.

## Twenty-Fifth Defense

94.    Plaintiffs' claims are barred, in whole or in part, to the extent that the loss or losses alleged by Plaintiffs were not fortuitous.

### Twenty-Sixth Defense

95.     Plaintiffs' claims are additionally barred, in whole or in part, to the extent there has been no accidental direct physical loss within the coverage of the insurance policy under which Plaintiffs purport to be claiming in this action.

### Twenty-Seventh Defense

96.     Plaintiffs are further unable to recover any attorney fees from State Farm Lloyds under Chapter 38 of the Texas Civil Practice and Remedies Code as the statute limits defendants against whom attorney fees may be assessed to "an individual or a corporation." See *Base-Seal, Inc. v. Jefferson County,* 901 S.W.2d 783, 786-787 (Tex. App. - Beaumont 1995, writ denied); see also TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2014) (person may recover attorney fees from "individual or corporation"). State Farm Lloyds is not an individual or a corporation; rather, it is "a domestic 'Lloyd's Plan,' an unincorporated association of members, as contemplated by Texas law." See *Massey v. State Farm Lloyds Insurance Co.,* 993 F.Supp. 568, 570 (S.D. Tex. 1998). Attorney fees therefore cannot be assessed against State Farm Lloyds as it is not an "individual or corporation" as required by the statute. See *Fleming* & *Associates. L.L.P. v. Barton,* 425 S.W.3d 560, 576 (Tex. App. - Houston [14th Dist.] 2014, pet. filed) (citing *Ganz v. Lyons Partnership, L.P.,* 173 F.R.D. 173, 176 [N.D. Tex. 1997]) (section 38.001 limits recovery of attorney fees against "individual or corporation" and does not permit award of attorney fees against limited partnership).

### Twenty-Eighth Defense

97.     Plaintiffs' causes of action are barred, in whole or in part, and Plaintiffs are not entitled to any relief on Plaintiffs' causes of action because some or all of Plaintiffs' claims have been fully adjusted and, if applicable, payment made.

### Twenty-Ninth Defense

98.     Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiff would result in unjust enrichment.

### Thirtieth Defense

99.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

### Thirty-First Defense

100.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs brought this action without complying with the provisions of the policy under which Plaintiffs purport to be claiming in this action, including the "Your Duties After Loss" and "Suit Against Us" sections of such policy.

### Thirty-Second Defense

101.    Plaintiffs are not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel,* 819 S.W.2d 10, 17 (Tex. 1994); accord *Avila v. State Farm Fire & Casualty Co.,* 147 F.Supp.2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo,* 972 S.W.2d 66, 70 [Tex. 1998]).

### Thirty-Third Defense

102.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seeks to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse,* 487 S.W.2d 317, 319 (Tex.

1972); *Washington National Insurance Co. v. Craddock,* 130 Tex. 251, 254-255, 109 S.W.2d 165, 166-167 (1937); *Great American Reserve Insurance Co. v. Mitchell,* 335 S.W.2d 707, 708 (Tex. Civ. App. - San Antonio 1960, writ ref'd n.r.e.).

### Thirty-Fourth Defense

103.    Defendant is entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiffs as a result of the insurance claim alleged by Plaintiffs in the Complaint in this action.

### Thirty-Fifth Defense

104.    In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then State Farm Lloyds was and is subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiffs' insurance claim.

### Thirty-Sixth Defense

105.    Defendants adopt by reference each defense not hereinabove alleged, if any, that may be alleged in any pleading filed in this action by any other defendant, third-party defendant, responsible third party, or other party or parties as may now or later be brought into this action.

### DEFENSES ASSERTED IN THE ALTERNATIVE AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

106.    Each of the defenses of Defendant is asserted in the alternative.

107.    Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this pleading to assert such defenses.

## CONCLUSION

For and in consideration of the foregoing, Defendant State Farm Lloyds respectfully prays that Plaintiffs take nothing by reason of Plaintiffs' Complaint and that Defendant have and recover from Plaintiffs the costs incurred by it in connection with this action. In addition, Defendant respectfully requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:   *Ray R. Ortiz*
Ray R. Ortiz
State Bar No. 15324280
Leslie Megin Koch
State Bar No. 00794109
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Tel. (210) 344-3900
Fax (210) 366-4301
**ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS AND
ELWYN CULVER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20TH day of May, 2016, the foregoing document was served on counsel of record pursuant to the Federal Rules of Civil Procedure, as follows:

 René M. Sigman
J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

*Ray R. Ortiz*
Ray R. Ortiz/Leslie Megin Koch

CAUSE NO. 2016CVF000997D1

| | | |
|---|---|---|
| **LUIS EDUARDO ALVARADO JUAREZ** | § | **IN THE DISTRICT COURT** |
| **AND IRMA E. JUAREZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **49TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

## DEFENDANT ELWYN CULVER'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Elwyn Culver, alleged to be a Defendant in this cause, and files this Original Answer and Demand for Jury Trial in response to the Petition submitted by the above-named Plaintiffs.  Without waiving any of his rights or defenses relating to the policy of insurance under which Plaintiffs purport to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, Defendant responds to Plaintiffs' First Amended Original Petition as follows:

## GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiffs be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## <u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED, Defendant Elwyn Culver respectfully prays that Plaintiffs take nothing by reason of this lawsuit.  Defendant further prays for additional and further relief to which he may show himself to be justly entitled, at law or in equity.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: *Ray R. Ortiz*
      Ray R. Ortiz
      State Bar No. 15324280
      ray@jao-law.com
      Leslie Megin Koch
      megin@jao-law.com
      State Bar No. 00794109
      10100 Reunion Place, Suite 600
      San Antonio, Texas  78216
      210/344-3900 Telephone
      210/366-4301 Facsimile

**ATTORNEYS FOR DEFENDANTS,**
**STATE FARM LLOYDS AND**
**ELWYN CULVER**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Texas Rules of Civil Procedure, on the 20th day of May, 2016 the above and foregoing instrument was served upon the following counsel of record via e-service:

René M. Sigman
J. Steve Mostyn
Mostyn Law
3810 W. Alabama Street
Houston, TX 77027


*Ray R. Ortiz*
Ray R. Ortiz/Leslie Megin Koch